IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal Action No. 7:14CR0033 |
| v. | ) | |
| | ) | **ORDER** |
| WILLIAM ANTHONY BECKS, | ) | |
| | ) | By: Hon. Glen E. Conrad |
| Defendant. | ) | Senior United States District Judge |
| | ) | |

Defendant William Anthony Becks, proceeding pro se, has filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by Section 603(b) of the First Step Act of 2018. For the reasons set forth below, Becks' motion will be denied without prejudice.

On December 9, 2014, Becks was sentenced to 132 months of incarceration and five years of supervised release after he pled guilty to one count of distributing 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Becks is presently incarcerated at Federal Correctional Institute ("FCI") McDowell, and his projected release date, accounting for good conduct time, is December 11, 2023.

On May 29, 2020, Becks filed a pro se request for compassionate release, seeking home confinement for the remainder of his sentence due to the COVID-19 virus. Becks' motion does not set forth any medical conditions that might make him particularly susceptible to the virus.

By order entered June 1, 2020, the court ordered the Federal Public Defender for the Western District of Virginia to investigate whether Becks arguably meets the conditions for compassionate release. The Federal Public Defender has since indicated that it will not file supplemental briefing on Becks' behalf. The government has responded in opposition to Becks' pro se motion and attached documents that include Becks' medical treatment records, which the government has moved to seal. The matter is now ripe for review.

A district court "may not modify a term of imprisonment once it has been imposed," except in narrow circumstances. 18 U.S.C. § 3582(c). As is relevant here, the compassionate release statute, as amended by Section 603(b) of the First Step Act, provides as follows:

> [T]he court, . . . upon motion of the defendant . . . , may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) [of Title 18] to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such reduction; . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

In this case, the government maintains that Becks has not demonstrated extraordinary and compelling grounds for reducing his sentence and that the § 3553(a) factors counsel against a sentence modification. The court agrees that Becks has not met his burden of establishing that compelling and extraordinary reasons warrant his release, and thus the court need not address the government's arguments regarding the § 3553(a) factors.

First, the court concludes that Becks has not shown that he has the type of medical conditions that may justify compassionate release. By statute, the Sentencing Commission is responsible for promulgating policy statements that "describe what should be considered extraordinary and compelling reasons" for compassionate release, "including the criteria to be applied." 28 U.S.C. § 994(t). In a policy statement issued in accordance with § 994(t), the Sentencing Commission identified several circumstances in which "extraordinary and compelling reasons" exist for compassionate release. U.S.S.G. § 1B1.13 cmt. n.1. One such circumstance is where the defendant is suffering from a terminal medical illness, or a serious physical or mental condition that substantially diminishes the defendant's ability to provide self-care while incarcerated. Id. cmt. n.1(A). Becks' motion and the medical records submitted by the government do not indicate that Becks suffers from any such medical condition.

Second, as of the date of this order, there are no active, reported cases of COVID-19 at FCI McDowell. The Bureau of Prisons has taken extensive measures to prevent the spread of COVID-19 at its institutions. Thus far, those efforts appear to have succeeded in protecting Becks and his fellow inmates. The Bureau of Prisons does report, however, that two staff members there have recovered from COVID-19. See https://www.bop.gov/coronavirus (last visited August 10, 2020). The sheer possibility that COVID-19 will spread in Becks' facility is not sufficient to warrant his release. As the United States Court of Appeals for the Third Circuit recently noted, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) (opinion amended on Apr. 8, 2020).

For these reasons, the court concludes that Becks has not demonstrated that extraordinary and compelling reasons warrant a reduction in his sentence. Accordingly, it is hereby

**ORDERED**

that the government's motion to seal the medial records attached to its opposition brief (ECF No. 106) is **GRANTED** and Becks' motion for compassionate release (ECF No. 95) is **DENIED WITHOUT PREJUDICE**. If circumstances materially change, the defendant may renew his request for compassionate release after first seeking relief from the Warden of his place of incarceration.

The Clerk is directed to send copies of this order to the defendant and all counsel of record.

DATED: This 10th day of August, 2020.

_____
Senior United States District Judge